IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN J. GIESWEIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA, )<br>)<br>Respondent. ) | Case No. CIV-20-01206-PRW |

**ORDER**

Before the Court are United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 21) and Petitioner's Objections to Magistrate Judge's Report and Recommendation (Dkt. 22). The Court **ADOPTS** Magistrate Judge Erwin's Report and Recommendation and **DISMISSES** Petitioner's Amended Petition for a Writ of Habeas Corpus (Dkt. 10) for the reasons that follow.

On March 2, 2021, Petitioner, Shawn J. Gieswein, filed an Amended Petition for a Writ of Habeas Corpus (Dkt. 10), seeking to have a felony assault and battery charge against him in the District Court of Oklahoma County, Oklahoma, Case No. CR-2008-3772, dismissed for alleged violation of the Interstate Agreement on Detainers Act ("IADA"). According to Petitioner, his protections under the IADA were violated when he was not brought to trial within 180 days of his request for final disposition of the charge filed against him in state court. The Court referred this matter to United States Magistrate

1

Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

On September 30, 2021, Magistrate Judge Erwin issued a Report and Recommendation (Dkt. 21) recommending that the Court dismiss Petitioner's Amended Petition for a Writ of Habeas Corpus (Dkt. 10) because he has not produced proof of his having "caused to be delivered" the notice to the prosecuting authority and the district court necessary to trigger the protections of the IADA, specifically the running of the 180-day time period.[2] Petitioner was advised of his right to file an objection to the Report and Recommendation (Dkt. 21) on or before October 18, 2021,[3] and availed himself of that right with his "Objections" (Dkt. 22) filed on October 12, 2021.

In his Objections, Petitioner states that he sent an "Interstate Agreement on Detainers on March 3, 2019, to the Oklahoma County district attorney and the district court,"[4] and attaches as an exhibit a form he presumably created himself, dated March 7, 2019. He also claims "the district attorney and the district court is [sic] withholding evidence and legal documents from this court and the record clearly shows that the district attorney new [sic] the time line [sic] was in effect."[5]

---

[1] *See* Order (Dkt. 12) at 2.

[2] R&R (Dkt. 21) at 9.

[3] *Id.*

[4] Obj. (Dkt. 22) at 1.

[5] *Id.*

After reviewing this matter de novo, the Court agrees that the Petitioner's Amended Petition for a Writ of Habeas Corpus (Dkt. 10) should be dismissed for the reasons set forth in Magistrate Judge Erwin's Report and Recommendation (Dkt. 21).

Accordingly, the Court:

(1) **ADOPTS** the Report and Recommendation (Dkt. 21) issued by the Magistrate Judge on September 30, 2021;

(2) **DISMISSES** Petitioner's Amended Petition for a Writ of Habeas Corpus (Dkt. 10); and

(3) **DENIES AS MOOT** Respondent's Motion to Dismiss (Dkt. 15).

**IT IS SO ORDERED** this 15th day of February 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE